THE PEOPLE v. CHARLES L. ROSS.

*Criminal law—Assault with intent to do great bodily harm—*
*Intent.*

1. Where the intent in committing an assault is shown merely by the deed, it cannot very well be stretched beyond it.

2. In this case it is held that the evidence established no more than a simple assault, and the conviction is reversed and respondent discharged.

Error to Montcalm.   (Smith, J.)   Argued April 27, 1887. Decided May 5, 1887.

Respondent was convicted of an assault with intent to do great bodily harm less than the crime of murder. Conviction set aside and respondent discharged. The facts are stated in the opinion.

*S. D. Clay* (*Eggleston & Donaldson*, of counsel), for respondent.

*Moses Taggart*, Attorney General, for the People.

CAMPBELL, C. J.   Respondent was convicted of an assault with intent to do great bodily harm, less than the crime of murder, upon Charles F. Rogers. The case shows that Rogers was in charge of fair grounds on which Ross and a partner had a small show, for which they had paid in part, and were to pay seven dollars more, of which two dollars was to be paid on the day of the difficulty. Rogers dunned them for this, and, they not being able to pay it, he got out an attachment, and came with the sheriff and others to have it levied. The sheriff, who was drunk and aggressive, seized their property, and attempted to seize some belonging to a third person. On being remonstrated with, he assaulted one of the parties, and high words prevailed, and in the disturb-

ance respondent struck Rogers with a short birch stick used for some purpose in putting up the tent ropes. Rogers had a stiff Derby hat, which was not broken or cut, on which the blow fell. The scalp of Rogers was broken so as to bleed more or less, and there is some testimony indicating that it made him stagger, but no permanent or serious harm actually followed. Ross was arrested and prosecuted.

Upon the close of the trial, the court instructed the jury that the criterion was whether Ross intended to inflict a serious and permanent injury, and gave some rulings concerning provocation which will be presently considered. The prosecuting attorney then proceeded to catechise the court, in a way which nothing but great forbearance of the court could have tolerated, as to what he meant by permanent injury, the result of which was that the matter was left in some confusion.

The court told the jury that if Rogers struck first, defendant was not guilty; but if he was not repelling any assault made by Rogers, then, if he struck with the intent referred to, he was guilty. The jury were also told that, although the wound may not have been serious, yet, if respondent intended a serious and permanent injury, it was enough; and he illustrated this by the case of aiming a gun, and not hitting the person aimed at.

We think the court narrowed the defense too much in confining Ross to repelling an assault from Rogers. Most of the testimony indicated that, if Rogers did not, as several witnesses swear he did, directly assault Ross, he was urging on the sheriff, who was unfit to serve process at the time, and using violent and profane language against Ross and his friends. It is impossible not to see that there was a quarrel going on, which the sheriff, and probably Rogers, provoked, and in which Rogers was mixed up. Whether Ross was justified or not in assaulting Rogers, the character and extent of the provocation were elements that should not have

been left out of sight, and which, if noticed, must have led to a different result.

But we think, further, that the court used a somewhat misleading figure in regard to intent. Here the injury was done directly with a stick, which hit where it was aimed at. If defendant's witnesses are believed, it was justifiable. If the people's witnesses are believed, the defendant did all he tried to do. This being so, and the injury being trifling in its character, the jury ought not to have been allowed to guess at any heinous intent. When the intent is shown merely by the deed, it cannot very well be stretched beyond it. The case is strikingly like that of *People v. Comstock*, 49 Mich. 330. We think it was at worst no more than a simple assault. We need not consider how the larger crime should be qualified.

As defendant has already been imprisoned longer than he probably would have been had the conviction been for a common assault, and in the State prison, where he could only have been sent for a felony, he should not be subjected to further punishment.

The judgment must be reversed, and the prisoner discharged.

The other Justices concurred.