PEOPLE *v.* EMERSON.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN THE CRIME OF MURDER—EVIDENCE.

   In prosecution for assault with intent to do great bodily harm less than the crime of murder upon two girls 2 and 11 years of age, admission of testimony that three days after later alleged assault defendant was found wearing a navy ring, *held*, not material to decision of case, where admitted without objection, trial judge who tried the case without a jury did not mention it in his opinion and it is not specifically referred to in appellant's statement of questions involved on appeal (Act No. 328, § 84, Pub. Acts 1931).

2. ASSAULT AND BATTERY—GREAT BODILY HARM.

   The bodily harm to 11-year-old girl, consisting of black and blue bruises on her face, a cut over the right eye and one on her chin, and to 2-year-old girl, consisting of black, blue and red marks and bruises, *held*, not such bodily harm as to constitute the "great bodily harm" contemplated in statute relative to assault with intent to do great bodily harm less than the crime of murder (Act No. 328, § 84, Pub. Acts 1931).

3. SAME—INTENT—EVIDENCE.

   Where the intent in committing an assault is shown merely by the deed and the assaults shown fell far short of proving or tending to prove the crime charged, the intent to do any more bodily harm than was actually inflicted·can not be inferred (Act No. 328, § 84, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted June 13, 1947. (Docket No. 70, Calendar No. 43,752.) Decided October 16, 1947.

Ralph Emerson was convicted on two separate charges of assault with intent to do great bodily harm less than the crime of murder. Reversed and new trial granted.

*Asher L. Cornelius,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert N. Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

Reid, J. The defendant was charged in the recorder's court for the city of Detroit upon two separate informations, in each of which the charge was assault with intent to do great bodily harm less than the crime of murder. The first information charged such an assault upon Barbara Wahler, age 11 years, on October 3, 1946, and the other charged such an assault on Dorothy Wahler, age 2 years, on October 9, 1946. The cases were consolidated and tried together before a judge of the recorder's court, without a jury; defendant was found guilty in both cases and appeals.

As to the case involving Barbara Wahler, there was testimony to show that on October 3, 1946, at about 1:30 a.m., defendant pulled Barbara out of her bed where she was lying half asleep and into her mother's bedroom, and that he there hit Barbara with his fist in her face about four times. Barbara testified that defendant hit her because he didn't like her. As a result of her being struck, she had black and blue bruises on her face, one cut over the right eye and one below her mouth on her chin.

As to the case involving Dorothy Wahler, Barbara testified that defendant dragged Dorothy from the outside back yard into the house, slapped her

and threw her in bed, that he slapped her with his hands, causing black, blue and red marks and bruises.

The grandmother of Dorothy Wahler testified that she saw Dorothy on October 10, 1946, the morning after she was beaten up, that Dorothy's face looked "awful bad," and that she was vomiting and that that was why they had to take her to the doctor at receiving hospital. There was no testimony to show that the vomiting was caused by the beating that Dorothy received on October 9th. A police officer who received a call at 11:30 a.m. on October 9th testified that upon arriving at the house he saw the two girls, that they were beaten up very badly and that he saw bruises all over them.

There is some discussion in a brief concerning testimony that three days after the alleged assault defendant was observed wearing a navy ring. This circumstance is not material to our decision because when the testimony was offered, no objection was made, the trial judge did not mention it in his opinion and it is not specifically referred to in appellant's questions on this appeal.

Defendant was sentenced to serve 3 to 10 years in each case, the sentences to run concurrently. Defendant's counsel states in his brief that defendant has already been imprisoned more than four months.

The trial judge in denying a motion for a new trial was of the opinion, "that such a brutal assault as was perpetrated upon helpless children of such tender years can have been done only with the intent to do great bodily harm."

The bodily harm done to the two little girls was not such great bodily harm as is contemplated in the statute under which the charges were laid.[*]

---

[*] See Act No. 328, § 84, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–84, Stat. Ann. § 28.279).—REPORTER.

We quote from the syllabus in *People* v. *Ross,* 66 Mich. 94:

"Where the intent in committing an assault is shown merely by the deed, it cannot very well be stretched beyond it."

If defendant actually intended to inflict upon either of the two little girls great bodily harm less than the crime of murder, there seems to have been nothing to stop him from doing so. The great resentment that naturally springs up in the mind of any person seeing or being told of such assaults as were involved in these two cases can not supply or take the place of an intent to do any more bodily harm than the testimony shows was actually inflicted. The prosecution's only proof of the intent lay in the nature of the injuries inflicted. The testimony in each case fell far short of proving or tending to prove the crime charged.

In each case, the judgment and sentence is reversed and a new trial granted in which new trial there may be proof of the intent charged in the information.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.