PEOPLE *v.* EARNEST THOMAS.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER—INSTRUCTIONS—INCLUDED OFFENSES.
Instruction given jury in prosecution for assault with intent to do great bodily harm less than the crime of murder which did not instruct on the offenses included was not reversible error, where counsel had not made a request for such instruction (CL 1948, §§ 750.84, 768.29).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
   53 Am Jur, Trial §§ 513–515.
[2] 6 Am Jur 2d, Assault and Battery §§ 48–53.

2. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS
THAN MURDER—EVIDENCE.

> Evidence presented in prosecution for assault with intent to
> do great bodily harm less than the crime of murder *held*,
> sufficient to justify issue of defendant's guilt of the crime
> to the jury and its conviction of him, where it is shown that
> defendant knocked complainant down twice, stamped and
> kicked him about a dozen times, hence, denial of directed
> verdict was proper (CL 1948, § 750.84).

Appeal from Recorder's Court; O'Hara (John P.), J. Submitted Division 1 June 9, 1965, at Detroit. (Docket No. 444.) Decided September 20, 1965.

Earnest Thomas was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Abba I. Friedman,* for defendant.

WATTS, J.   Defendant Earnest Thomas was convicted by a jury of assault with intent to do great bodily harm less than the crime of murder in violation of CL 1948, § 750.84 (Stat Ann 1962 Rev § 28-.279), in the recorder's court of the city of Detroit and sentenced to serve not less than two and one-half nor more than 10 years at the State Prison of Southern Michigan at Jackson. Defendant appeals, alleging four assignments of error.

October 31, 1963, on or about the hour of 6 o'clock in the evening, complainant Joseph Boske in the city of Detroit was assaulted by defendant Thomas who charged complainant, knocked him to the pavement, kicked and stamped him several times. Complain-

ant got up and defendant attacked him again, knocked him down and continued to kick him. Complainant was kicked approximately 12 times by defendant.

The police arrived shortly after complainant was knocked down the second time. Complainant was taken to the hospital, given treatment, and released. Defendant left the scene and was apprehended some time later.

Defendant was charged with violating the penal. code of the State of Michigan, CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279). The statute reads as follows:

"Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony."

At the conclusion of the testimony in the instant case, the trial court denied defense counsel's motion for directed verdict of not guilty. The jury returned a verdict of guilty as charged.

The trial court did not instruct the jury on the offenses included in the crime of assault with intent to do great bodily harm less than the crime of murder, nor did counsel make such a request.

Defense counsel alleges that the trial court erred when he instructed the jury to find defendant guilty or not guilty of assault with intent to do great bodily harm less than the crime of murder but failed to instruct on the offenses included in the alleged crime.

The Court finds no reversible error in the instruction given to the jury by the trial court. Code of criminal procedure, CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052):

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the

expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."[*]

In *People* v. *Allie* (1921), 216 Mich 133, Justice BIRD writing the opinion of the Court at p 138 said:

"In the present case the court did not advise the jury that they could convict the defendant of an attempt to commit the crime of robbery nor of assault and battery. Its attention was not challenged to it in any way. No request to that effect was proffered, and we are of the opinion that, after counsel has neglected to call it to the attention of the trial court at the time, he should not now be permitted to come before the appellate court and have the case reversed on that ground."

In *People* v. *Robinson* (1924), 228 Mich 64, Justice WIEST writing the opinion of the court at p 72 said:

"Counsel assigns error upon the failure of the court to give the jury instruction along many lines mentioned but never called to the attention of the trial judge. It would not be fair to the trial judge to consider such assignments and thereby accord counsel for defendant the advantage of sitting down after the trial and studying out what he should have presented at the trial, and bring the same here for review as upon refused requests to charge."

See, also, *People* v. *Collins* (1921), 216 Mich 541; *People* v. *Manchester* (1926), 235 Mich 594; *People* v. *Jones* (1935), 273 Mich 430.

---

[*] See GCR 1963, 11.1, 516, 785.

Counsel for defendant further alleges that the evidence was insufficient to support the verdict of the jury and that the trial court was in error in denying a motion for directed verdict of not guilty.

We do not agree with defendant's contention. The proofs supported the charge against defendant and were sufficient to establish assault with intent to do great bodily harm less than the crime of murder and fully justified submission of the question to the jury.

Defense counsel stated on the record:

"I would base my motion on three cases, which I will cite for Your Honor and afterwards offer them to you. * * * The first case is *People* v. *Emerson*. The citation is 319 Michigan, page 225. The second case is *People* v. *Williams,* volume 118 of the Michigan Reports at page 692. The third case is located in volume 91 of the Michigan Reports, *People* v. *Miller,* located at page 639."

*People* v. *Emerson* (1947), 319 Mich 225, cited by defense counsel, is distinguishable on the facts in the instant case.

The following citations relied upon by defense counsel support the theory of the people:

The testimony in *People* v. *Williams* (1898), 118 Mich 692, is to the effect that there was no reasonable provocation for assault and that the defendant knocked complainant down and kicked him in the head several times and repelled with a knife the efforts of bystanders to interfere. All justices concurred in the finding of no error in that case, and the conviction was affirmed.

Chief Justice Morse writing the opinion in *People* v. *Miller* (1892), 91 Mich 639 at pp 644, 645, said:

"It was claimed by the respondent, and he was corroborated in this by the man with him, that he struck Dickinson with the flat of his hand, and not with his clenched fist, and that he did not kick him

at all. The court charged the jury that unless they found the respondent kicked Dickinson, while he was down or as he was falling, they must acquit him of the offense of assault with intent to do great bodily harm less than the crime of murder. The respondent desired a further charge that if the jury found that respondent struck Dickinson with the flat of his hand, instead of his fist, that would be a circumstance tending strongly to show an absence of intent to do great bodily harm. This request was not given. Under the circumstances of the case it was not error to refuse it. The injury threatened was a kick, and the blow with the hand, whether shut or open, had but little, if any, bearing upon the intent; and the intent to do great bodily harm could not be inferred, as the court plainly told the jury, without the kick."

We have considered defense counsel's other assignments of error and find them to be without merit.

Affirmed.

LESINSKI, C. J., and BURNS, J., concurred.