PEOPLE *v.* DUGGER

1. Criminal Law—Evidence—Proof of Intent.
    The people have made the required showing of wrongful intent in a criminal case if the record discloses facts and circumstances from which intent can readily be inferred.

2. Same—Lesser Included Offenses—Instructions to Jury.
    It is not reversible error for the trial court to fail to instruct the jury on lesser included offenses when no request for such an instruction was made at trial.

3. Same—Due Process—Right to Assistance of Counsel—Ineffective Counsel.
    Relief from conviction on the ground of ineffective counsel will not be granted unless the record clearly substantiates such contention.

Appeal from Oakland, Devine (Daniel), J. Submitted Division 2 November 8, 1968, at Lansing. (Docket No. 4,747.) Decided November 26, 1968.

William Dugger was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Ternan,* for defendant on appeal.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
[2] 53 Am Jur, Trial § 796 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 315.

PER CURIAM. Defendant's jury trial on a charge of breaking and entering a building with intent to commit larceny, CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), resulted in his conviction. He was sentenced and he appeals.

Defendant's first assertion of error is that the required intent was not proved. A review of the record discloses facts and circumstances from which the intent could readily be inferred. This is sufficient. *People* v. *Griffin* (1889), 77 Mich 585.

Defendant next contends that the failure of the trial court to instruct on the lesser included offense of breaking and entering without permission was reversible error. No request for such an instruction was made, and no error is shown. *People* v. *Thomas* (1965), 1 Mich App 444.

Finally, defendant says he is entitled to a new trial because he did not have effective assistance from his appointed counsel. The record does not meet the test of *Williams* v. *Beto* (1965), 354 F2d 698, 704, for granting the requested relief on this basis.

Affirmed.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.