PEOPLE v. COX

1. LARCENY—LARCENY IN A BUILDING—EVIDENCE.

Admission in evidence of certain clothing alleged to have been stolen in a store was proper and their identification by their serial number was not necessary for conviction of larceny in a building where the admission of the clothing in evidence was only for the purpose of showing what had been stolen (MCLA § 750.360).

2. LARCENY—LARCENY IN A BUILDING—EVIDENCE—GUILT BEYOND REASONABLE DOUBT.

Evidence to find defendant guilty of larceny in a building beyond a reasonable doubt was ample where there was eyewitness testimony of an unbroken chain of events of defendant's entry into a store, his putting certain clothing into a shopping bag, his attempt to leave the store without paying for the clothing, his detention until the arrival of police and his arrest (MCLA § 750.360).

3. CRIMINAL LAW—TRIAL—REMARKS OF JUDGE—PREJUDICIAL EFFECT —FAIR TRIAL.

Remarks by the trial judge did not deprive defendant of a fair trial as they were, in no manner, prejudicial and defendant made no showing as to how he was prejudiced by them where the judge was somewhat abrupt and impatient with defendant on three occasions during the trial which was precipitated by defendant's refusal to accept the aid of counsel already appointed and the remarks were the result of the judge's concern over defendant's possible self-prejudice by waiver of counsel.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny §§ 144, 148.
[2] 50 Am Jur 2d, Larceny § 155 et seq.
[3] 5 Am Jur 2d, Appeal and Error §§ 797, 798.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J.   Submitted Division 1 October 27, 1970, at Grand Rapids.   (Docket No. 8101.) Decided December 4, 1970.

Irving Cox was convicted of larceny in a building. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM.   The defendant appeals from a nonjury conviction of the offense of larceny in a building.* The people move to affirm.   GCR 1963, 817.5(3).

Defendant's first claim is that the people failed to make a specific showing of intent.   There was sufficient evidence in this case upon which an inference of intent could be based.   *People* v. *Dugger* (1968), 14 Mich App 270; *People* v. *Gollman* (1966), 3 Mich App 463; *People* v. *Clark* (1967), 6 Mich App 526.

Defendant also claims that admission of the two men's suits alleged to have been stolen was improper for the reason that the suits were identified at trial by their serial number and there was no evidence that anyone had written down the serial number at the time of defendant's arrest.   Admis-

---

* MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).

sion of the suits into evidence was only for the purpose of showing what had been stolen and their identification by serial number was not necessary for conviction. There was eyewitness testimony of an unbroken chain of events consisting of defendant's entry into the store, his putting the suits into a shopping bag, his attempt to leave the store without paying for them, his detention until the arrival of police officers, and his arrest. There was ample evidence on which to find defendant guilty beyond a reasonable doubt.

Defendant further claims that he was deprived of a fair trial because of certain remarks made by the trial judge. A review of the entire transcript shows that on three occasions during the trial the trial judge was somewhat abrupt and impatient with the defendant. The record shows that this abruptness and impatience was precipitated by defendant's refusal to accept the aid of counsel who had already been appointed by the court. However, the judge's remarks can, in no manner, be deemed to be prejudicial. On the contrary, it appears that they were the result of the trial judge's concern over the defendant's possible self-prejudice by waiver of counsel. Defendant makes no showing as to how he was prejudiced by those remarks.

Motion to affirm is granted.