PEOPLE *v.* REESE

1. CRIMINAL LAW—EVIDENCE—ILLEGAL CONFRONTATION—HEARING.
   Once a claim of illegal confrontation is raised prior to or during the trial, an evidentiary hearing must be held to determine the merits of the claim.

2. APPEAL AND ERROR—ILLEGAL CONFRONTATION—PRETRIAL CONFRONTATION—IN-COURT IDENTIFICATION—PRESERVATION OF ISSUE.
   An appellate court will not review a claim of illegal confrontation where at no time prior to, during, or after the trial did the defendant suggest to the lower court that the alleged pretrial confrontation tainted his in-court identification because the issue is not preserved for appellate review.

Appeal from Recorder's Court of Detroit, Cornelius J. Sullivan, J. Submitted Division 1 October 27, 1970, at Lansing. (Docket No. 8896.) Decided December 7, 1970.

Charles E. Reese was convicted of breaking and entering with intent to commit a felony. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*John F. Gilhool,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 333–344.

Before: McGregor, P. J., and Bronson and Danhof, JJ.

Per Curiam. With the assistance of court-appointed trial counsel, defendant was tried by the court sitting without a jury and convicted on the charge of breaking and entering with intent to commit a felony, contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On December 23, 1969, he was sentenced to a term of 7-1/2 to 15 years imprisonment by Judge Cornelius J. Sullivan of the Recorder's Court. A timely petition for court-appointed appellate counsel and subsequent claim of appeal presents three questions for review. First, it is contended that certain references to an out-of-court identification by the people's witness constituted reversible error. Second, it is contended that the trial judge denied defendant a fair and impartial trial by his predisposition and prejudicial attitude. Third, it is contended that the verdict of guilty was contrary to the great weight of the evidence. The people have filed a motion to affirm the conviction.

Defendant objected to the prosecution witness' testimony regarding an out-of-court identification of the defendant at police headquarters after his arrest. It was defendant's position at the trial that the prosecution could not introduce such testimony without first demonstrating that the confrontation was not contrary to defendant's constitutional rights. The prosecution agreed with defendant's objection and asked that the testimony be stricken from the record. The court granted the people's motion. On appeal it is now contended that the in-court identification was tainted by the illegal confrontation prior to trial. Defendant does not allege facts which would suggest that the pretrial confron-

tation was illegal, but it is contended that the lower court had an affirmative duty to review the pretrial procedure. It is true that once a claim of illegal confrontation is raised prior to or during the trial, an evidentiary hearing must be held to determine the merits of the claim. *People* v. *Childers* (1969), 20 Mich App 639. However, in the present case, at no time prior to, during or after the trial has the defendant suggested to the lower court that the alleged pretrial confrontation tainted defendant's in-court identification. This issue is not preserved for appellate review. *People* v. *Childers, supra.*

The defendant's second issue regarding an alleged predisposition toward the defendant and lack of impartiality on the part of the trial judge is totally without merit.

The final contention raised by the defendant here on appeal is that the verdict of guilty was contrary to the great weight of the evidence. This issue is without merit. Moreover, an objection going to the weight of the evidence can be raised only by a motion for new trial. *People* v. *Mattison* (1970), 26 Mich App 453. The motion to affirm is granted.