## PEOPLE *v.* PIGUES

1. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—JURY VERDICT—
   SUFFICIENCY.
   The Court of Appeals examines the record on appeal in a criminal case to determine whether the jury's finding of fact is supported by credible evidence and a verdict will not be disturbed unless the evidence fails to support the finding of fact.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR.
   Jury instructions must be read in their entirety to determine if the total charge fully and fairly informed the jury of the applicable law.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 April 2, 1971, at Detroit. (Docket No. 10635.) Decided April 30, 1971. Leave to appeal denied August 3, 1971. 385 Mich 773.

Wilbur A. Pigues was convicted of murder in the first degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 607 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 894.

Before: J. H. Gillis, P. J., and Fitzgerald and
T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury
of murder in the first degree, MCLA § 750.316 (Stat
Ann 1954 Rev § 28.548). He appeals as of right.

On the afternoon of September 27, 1969, defendant
visited the home of friends. An argument ensued
between defendant and Elmer Winfery which re-
sulted in defendant being forced to leave the house.
He returned a half hour later and met Winfery in
the backyard. Defendant shot Winfery and as he
fell to the ground, defendant continued shooting his
victim. A total of seven shots entered decedent's
body. At trial the defendant argued that he acted
in self-defense.

The defendant's first claim of error is that there
was insufficient evidence to support the jury's ver-
dict.

It is not the function of an appellate court to act
as a reviewing jury. *People* v. *Eagger* (1966), 4
Mich App 449. Rather,

"[T]his Court's proper role is to examine the
record on appeal to determine whether the jury's
finding of fact is supported by credible evidence.
Accordingly, this Court will not disturb the verdict
unless the evidence fails to support the finding of
fact." *People* v. *Person* (1969), 20 Mich App 246,
248.

Our review of the record thus made, we find that
there was sufficient evidence, if believed by the jury,
to justify a finding of guilt beyond a reasonable
doubt.

Defendant also alleges that the trial court's in-
struction on the lesser included offense of man-
slaughter was erroneous. The court instructed the
jury:

"In that connection one may not be provoked in a situation and let considerable time pass and then go and act on it. I mean it must be something that is immediate, that is confronted with a highly provoking situation, and he acts suddenly without opportunity to exercise his power of reasoning, his emotion overcomes it before he has cooled off or had a chance to cool off and in such a state he takes a human life, that is said to be manslaughter. It arises more out of emotions where there is no time to think and what you are looking at, what is confronting you is highly provoking."

Jury instructions must be read in their entirety. *People* v. *Dye* (1959), 356 Mich 271, 279. The total charge fully and fairly informed the jury of the applicable law. *People* v. *Iron* (1970), 26 Mich App 235. Further, no objection having been raised by defendant, this Court will not now entertain an objection made for the first time, absent a showing of manifest injustice. We find no reversible error in the court's instruction.

Affirmed.