PEOPLE *v* ABERNATHY

1. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—SUFFICIENCY—
   WEIGHT.

   A defendant's failure to move for a new trial does not pre-
   clude appellate review of his challenge to the sufficiency of
   the evidence to support the jury verdict; however, a defend-
   ant's failure to move for a new trial does preclude appellate
   review of a challenge involving the weight of the evidence.

2. CRIMINAL LAW—EVIDENCE—WITNESSES—IDENTIFICATION.

   Identification of a defendant by witnesses, although not positive,
   is a question for the jury.

3. CRIMINAL LAW — ROBBERY — DEFENDANT'S PARTICIPATION — QUES-
   TION OF FACT.

   Defendant's theory on appeal that it was illogical for him to
   participate in a robbery of a store where he was a known
   customer does not prove that the evidence was insufficient to
   convict him of participation in the robbery, the crime charged;
   this kind of argument is for the trier of fact to decide, not
   an appellate court.

4. ROBBERY—ARMED ROBBERY—ACCOMPLICES.

   Persons acting in concert in the commission of a robbery are
   all guilty of armed robbery if one person is armed, even
   though the others are not.

5. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
   JURY—AFFIRMATIVE EXCLUSION—APPEAL AND ERROR.

   A failure to instruct upon lesser included offenses is not pre-
   served for appellate review in the absence of a defense ob-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 852, 882, 883, 887.
[2] 29 Am Jur 2d, Evidence § 372.
   30 Am Jur 2d, Evidence § 1143.
[3] 46 Am Jur, Robbery § 57.
[4] 46 Am Jur, Robbery § 53.
[5, 6] 53 Am Jur, Trial § 800.

jection unless the trial judge affirmatively excluded lesser included offenses from the jury's consideration.

6. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Lᴇssᴇʀ Iɴᴄʟᴜᴅᴇᴅ Oꜰꜰᴇɴsᴇs—Iɴsᴛʀᴜᴄᴛɪᴏɴs ᴛᴏ Jᴜʀʏ—Iᴍᴘʟɪᴄɪᴛ Exᴄʟᴜsɪᴏɴ.

A trial judge's implicit exclusion of lesser included offenses by limiting the possible jury verdicts to guilty or not guilty does not constitute an affirmative exclusion of lesser included offenses; a defendant must object to an implicit exclusion of lesser included offenses in order to preserve the issue for appellate review.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 February 2, 1972, at Grand Rapids. (Docket No. 9060.) Decided February 28, 1972.

Jerry Abernathy was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Roy DeGesero,* Assistant Prosecuting Attorney, for the people.

*John A. Picard,* for defendant on appeal.

Before: Fɪᴛᴢɢᴇʀᴀʟᴅ, P. J., and R. B. Bᴜʀɴs and Hᴏʟʙʀᴏᴏᴋ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. The defendant was convicted by jury verdict of robbery while being armed.[1] From this conviction defendant appeals as a matter of right.

This appeal involves the traditional challenge to the sufficiency of the evidence supporting a jury verdict. Since this case does not involve the "weight of the evidence",[2] defendant's failure to file a motion

---

[1] MCLA 750.529; MSA 28.797.
[2] *People v Mattison,* 26 Mich App 453 (1970); *People v Reese,* 28 Mich App 555 (1970); *People v White,* 32 Mich App 296 (1971).

for new trial does not preclude this Court's review of the issue raised. *People* v *Jimmie Ragland,* 34 Mich App 673 (1971); *People* v *Bruce,* 35 Mich App 358 (1971).

A review of the evidence reveals it is clearly sufficient to support the inference that defendant was a participant in the robbery. Defendant's admission that he was a member of the trio further supports this evidence. Although his identification by witnesses was not positive, the question was one for the jury. *People* v *Richard L Smith,* 15 Mich App 505 (1969). Similarly, the rebuttal evidence offered by defendant merely created a conflict which had to be resolved by the jury. Defendant's theory that it would be illogical for him to participate in a robbery of a store where he was a known customer does not prove that the evidence is insufficient. This type of argument is for a jury, not appellate review. *People* v *Stewart,* 36 Mich App 93 (1971).

In the context of robbery, the general rule is that:

"Where more than one person is engaged in a robbery, and all are acting in concert, one of them being armed with a dangerous weapon, all are guilty of robbery armed whether any of the others were armed or not."[3]

Although this rule is based upon *People* v *Gallagher,* 75 Mich 512 (1889), in which the accomplice actually had knowledge of the existence of a weapon, the foreseeability of the use of weapons in robberies adequately supports the general rule. This Court does not choose to extend the burden of proving specific intent when the common plan is directed toward an assault, to the cases where the common plan is directed toward robbery. The people must

---

[3] 4 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 2226, p 2445.

be deemed to have satisfied their burden in the instant case.

Defendant's allegation of error based upon the failure to instruct upon lesser included offenses is devoid of merit. The general requirement that errors in jury instructions are not preserved for appeal without objection thereto at trial cannot be ignored. GCR 1963, 516.2; MCLA 768.29; MSA 28-.1052. In addition, case law interpreting the statute permitting instructions upon lesser included offenses has required an objection to preserve the issue for appeal. MCLA 768.32; MSA 28.1055; *People* v *Allie,* 216 Mich 133 (1921). This rule was recently affirmed in *People* v *Lemmons,* 384 Mich 1 (1970) with some modification. That is, failure to object precludes review unless the trial judge has affirmatively excluded lesser included offenses from the jury. This Court is in accord. *People* v *Earnest Thomas,* 1 Mich App 444 (1965); *People* v *Camak,* 5 Mich App 655 (1967); *People* v *Dugger,* 14 Mich App 270 (1968); *People* v *Wansley,* 35 Mich App 196 (1971); *People* v *Bruce, supra.*

The trial judge in the present case offered the jury two possible verdicts in his instructions:

"If you find from the testimony here presented that the people have established beyond a reasonable doubt that on the 21st day of August, 1969, in the City of Saginaw, County of Saginaw, and State of Michigan, that the defendant did then and there commit the crime of armed robbery, then your verdict shall be guilty.

"I further charge you that if you find from the testimony here presented that the people have failed to establish their claim in whole or in part beyond a reasonable doubt, then your verdict will be not guilty.

"If you fail to find the defendant guilty, naturally it is going to be your duty to render a verdict of not guilty. But, if you find beyond a reasonable doubt

that the defendant is guilty, there is no consideration that will excuse you from rendering a verdict of guilty."

This language indicates that the trial judge implicitly excluded lesser included offenses by limiting the possible verdicts to guilty or not guilty as charged. However, this type of exclusion does not constitute the *affirmative* exclusion required by *Lemmons* for reversal. Thus, defendant's failure to object at trial precludes this Court's review of an alleged error.

Defendant's allegation of error based upon the failure to instruct upon "specific intent" is similarly devoid of merit. Defendant correctly relies upon authority which grants him standing to challenge the failure of an instruction to include a necessary element in the absence of an objection at trial. *People* v *Guillett,* 342 Mich 1 (1955); *People* v *Hearn,* 354 Mich 468 (1958); *People* v *Liggett,* 378 Mich 706 (1967); *People* v *Price,* 21 Mich App 694 (1970). However, an application of the requirement that jury instructions are read in their entirety discloses that the court properly instructed the jury on intent. *People* v *Dye,* 356 Mich 271 (1970); *People* v *Pigues,* 33 Mich App 349 (1971).

An examination of the records and briefs discloses no prejudicial error or miscarriage of justice.

Affirmed.