PEOPLE v WALKER

Docket No. 80608. Submitted March 20, 1985, at Detroit.—Decided May 7, 1985.

Johnnie L. Walker was convicted of armed robbery, assault with intent to commit first-degree criminal sexual conduct, and assault with intent to kidnap, but found mentally ill in a bench trial in the Oakland Circuit Court, David F. Breck, J. Defendant appealed, alleging that the prosecution failed to prove that defendant was sane at the time of the offense and that violation of the 180-day rule denied him a speedy trial. *Held:*

1. Defendant failed to file a motion for a new trial, which is necessary for a claim that the verdict was against the great weight of the evidence. Therefore, review is confined to the question of the sufficiency of the evidence.

2. The author of the opinion believes the rule which requires a defendant to prove insanity by a preponderance of the evidence is a superior, wiser rule. However, in Michigan, where a defendant has offered any evidence of insanity the burden is on the prosecution to show beyond a reasonable doubt that the defendant was sane at the time of the offense. The evidence offered at trial was sufficient to support the trial court's finding, as the trier of fact, that defendant was guilty but mentally ill.

3. The 180-day rule does not apply to a prisoner being held in a county jail awaiting trial.

Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

A criminal defendant's failure to file a motion for a new trial does not preclude the Court of Appeals from considering a challenge to the sufficiency of the evidence.

2. CRIMINAL LAW — INSANITY — BURDEN OF PROOF.

A criminal defendant is presumed to be sane; however, once a

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 883.

[2] 21 Am Jur 2d, Criminal Law §§ 74-77.
Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 17 ALR3d 146.

[3] 30 Am Jur 2d, Evidence § 1080 *et seq.*

[4] 21A Am Jur 2d, Criminal Law § 849 *et seq.*

defendant has offered any evidence of insanity, the prosecution has the burden of establishing beyond a reasonable doubt that the defendant was sane at the time of the offense.

3. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE.
    The sufficiency of the evidence is to be resolved by the trier of fact unless there is no evidence at all on a material point.

4. CRIMINAL LAW — 180-DAY RULE — COUNTY JAIL INMATES.
    The 180-day rule, which guarantees a speedy trial on outstanding warrants against inmates of state penal institutions, does not apply to a prisoner being held in a county jail awaiting trial (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

BEASLEY, P.J. In a bench trial, defendant, Johnnie Lynn Walker, was found guilty, but mentally ill pursuant to MCL 768.36; MSA 28.1059, of armed robbery, assault with intent to commit criminal sexual conduct, first degree, and assault with intent to kidnap, contrary to MCL 750.529; MSA 28.797, MCL 750.520g; MSA 28.788(7) and MCL 750.87; MSA 28.282, respectively. Defendant was sentenced to serve not less than 12 years nor more than 40 years in prison on the armed robbery conviction, not less than 6 years nor more than 20 years on the assault with intent to commit criminal sexual conduct conviction, and not less than 6 nor more than 20 years on the assault with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

intent to kidnap conviction, the three sentences to run concurrently. Defendant appeals as of right.

First, defendant claims that the people failed in their burden to prove beyond a reasonable doubt that defendant was sane at the time of the offense. It is not clear to us whether defendant's argument is based on alleged insufficiency of the evidence or a claim that the verdict was against the great weight of the evidence. An objection going to the weight of the evidence can be raised only by a motion for a new trial.[1] However, a defendant's failure to file a motion for new trial does not preclude us from considering on appeal a challenge to the sufficiency of the evidence supporting a jury verdict.[2] Since defendant has not filed a motion for new trial, he cannot now claim that the verdict was against the great weight of the evidence. Consequently, our review is confined to the question of sufficiency of the evidence.

In the criminal law, a person is presumed to be sane.[3] Thus, the prosecution does not have to prove in every case that the defendant is sane in order to be responsible for his criminal acts. To put it another way, the prosecution does not always have the burden of proving the negative, *i.e.,* that defendant is not insane. And, of course, this is as it should be.

It is only when some evidence of a defendant's insanity is interjected into a case that the question arises as to who must carry the burden of proof regarding the insanity issue. Since we presume that a person is sane, one would expect that a defendant seeking to escape responsibility for

---

[1] *People v Stephens,* 58 Mich App 701, 703; 228 NW2d 527 (1975).

[2] *People v Abernathy,* 39 Mich App 5, 6-7; 197 NW2d 106 (1972); *People v Kremko,* 52 Mich App 565, 574; 218 NW2d 112 (1974), *lv den* 392 Mich 797 (1974).

[3] *People v Krugman,* 377 Mich 559, 563; 141 NW2d 33 (1966).

criminal acts on the ground that he was insane at the time the criminal acts occurred would bear the burden of proof to establish his insanity. Usually, insanity is deemed to be an affirmative defense. In the majority of states, this is the rule, *i.e.,* a defendant claiming insanity has the burden of proof to show his insanity.[4]

However, in Michigan, we have been holding that once a defendant offers any evidence of insanity, the burden of proof switches to the prosecution to establish beyond a reasonable doubt that defendant was sane at the time of the alleged offense.[5] The federal courts, and the courts of some other states, follow the same rule as Michigan, but the majority of states hold to the contrary.

The author of this opinion believes the rule which requires a defendant to prove insanity by a preponderance of the evidence is a superior, wiser rule.[6] To require the prosecution to prove a defendant is sane upon the slightest evidence of insanity before he may be found guilty of a crime is to place a heavy, unwarranted burden of proof on the prosecution. As previously indicated, the defense of insanity is essentially an affirmative defense, pled to avoid responsibility for criminal acts or, to use the terminology of proponents of the rule, to avoid the consequences of acts otherwise criminal.

The problems of proof relating to legal insanity and mental incompetency are compounded by the fact that psychiatry continues to be in a state of

[4] Anno: *Modern Status of Rules as to Burden and Sufficiency of Proof of Mental Irresponsibility in Criminal Case,* 17 ALR3d 146, §§ 3, 11 and 16. Also see, ABA Standing Committee, Criminal Justice Mental Health Standards, § 7-6.9, p 7-292 (1983), effective 1984.

[5] *People v Murphy,* 416 Mich 453, 463-464; 331 NW2d 152 (1982), reh den 417 Mich 1113 (1983); *People v Savoie,* 419 Mich 118, 126; 349 NW2d 139 (1984).

[6] See *People v Murphy, supra,* p 468, dissent of COLEMAN, J.

flux, as evolving theories compete for acceptance.[7] Consequently, the author hopes that when the issue comes squarely before the Michigan Supreme Court, that Court will adopt the better rule and place the burden of proving the affirmative defense of insanity on the defendant where it belongs.

In the meantime, we are saddled with the old rule. In the within case, we review the proofs to determine whether the prosecution established defendant's sanity beyond a reasonable doubt. The sufficiency of the evidence is to be resolved by the trier of fact unless there is no evidence at all on a material point.[8] In this case, there were three expert witnesses testifying regarding defendant's mental condition at the time of the incident. All three experts agreed that defendant was mentally ill. Only defendant's witness went a step further and testified that defendant was legally insane. Confronted by this difference in conclusions by the experts, the trial judge, as trier of fact, was obligated to consider the testimony and draw his own conclusions. There was sufficient evidence produced to support his finding that defendant was guilty but mentally ill.

Second, defendant claims that he was denied the right to a speedy trial guaranteed by the 180-day rule.[9] However, this is not a case for application of that rule. Defendant was not a state prison in-

---

[7] One problem has been the difficulty in reaching a terminology jointly acceptable to the various disciplines involved. For example, the American Bar Association Standing Committee on Criminal Justice standards were persuaded in 1984 to drop the word "insanity" and to substitute the words "mental non-responsibility for crime" in the interest of achieving greater clarity of meaning among mental health professions.

[8] *People v Savoie, supra,* p 126.

[9] MCL 780.131; MSA 28.969(1).

mate, but was being held in the county jail awaiting trial, so the rule was not applicable to him.[10]

Affirmed.

---

[10] *People v Rose,* 132 Mich App 656; 347 NW2d 774 (1984).