# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FERDARIUS SEANTEZZ SHINE,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2015

No. 321763
Wayne Circuit Court
LC No. 13-007415-FC

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree murder, MCL 750.316, two counts of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life imprisonment without parole for the first-degree murder convictions, 225 months to 75 years' imprisonment for the assault with intent to murder convictions, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from a shooting that occurred on February 15, 2013. Defendant was present for a family gathering that evening at the home he shared with his grandmother and his seven-year-old daughter. Defendant went upstairs, and when he returned, he had a gun and opened fire on all six family members present in the home. He shot and killed his aunt and grandmother, and mortally wounded his daughter, who died in the hospital 33 days after the shooting. He beat his mother with his fists and chased his 16-year-old cousin down the street before she managed to find safety with neighbors. At trial, defendant claimed legal insanity, but was found guilty.

Defendant argues that there was insufficient evidence presented to overcome his insanity defense. We disagree. Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). This Court "must defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses[,]" and all conflicts in the evidence must be resolved in favor the prosecution. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

-1-

On appeal, defendant does not challenge the sufficiency of the evidence of the required elements for the crimes, but argues that his due process rights were violated because there was insufficient evidence to rebut his asserted defense of legal insanity. This Court has treated similar arguments regarding insanity as "sufficiency of the evidence" challenges. See *People v McRunels*, 237 Mich App 168, 181–182; 603 NW2d 95 (1999).

"In the criminal law, a person is presumed to be sane." *People v Walker*, 142 Mich App 523, 525; 370 NW2d 394 (1985). "It is an affirmative defense to a prosecution for a criminal offense that the defendant was legally insane when he or she committed the acts constituting the offense." MCL 768.21a(1). A defendant has the burden to prove the insanity defense by a preponderance of the evidence. MCL 768.21a(3); *People v Lacalamita*, 286 Mich App 467, 470; 780 NW2d 311 (2009). Defendant asserts that once he had submitted evidence sufficiently demonstrating his insanity, the burden of proof shifted to the prosecution to establish that defendant was sane during the commission of the crime. Defendant's claim is incorrect. MCL 768.21a(3) requires only that "[t]he defendant has the burden of proving the defense of insanity by a preponderance of the evidence," which this Court has interpreted to mean that the prosecution is not "shouldered with the burden of proving the failure of an affirmative defense." *People v Mette*, 243 Mich App 318, 330; 621 NW2d 713 (2000). Thus, once a defendant produces evidence of an affirmative defense, the question of whether the defendant has adequately supported that defense by a preponderance of the evidence is for the jury to decide. *People v Kolanek*, 491 Mich 382, 411-412; 817 NW2d 528 (2012).

Further, we conclude that there was sufficient evidence to support the jury's conclusion that defendant was not legally insane during his commission of the crimes. The affirmative defense of insanity contains two separate elements: (1) the defendant must suffer from mental illness, and (2) the defendant must lack "substantial capacity either to appreciate the nature and quality of the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law." MCL 768.21a(1); *People v Carpenter*, 464 Mich 223, 230-231; 627 NW2d 276 (2001). Mental illness is statutorily defined as "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). To establish an insanity defense, a defendant need only prove that he was legally insane at the time he "committed the acts constituting the offense." MCL 768.21a(1).

While defendant presented an expert witness who testified in support of his defense, the prosecution presented testimony from expert witness Dr. Donna Rinnas who concluded that defendant was not legally insane or even mentally ill when he committed the charged offenses. Dr. Rinnas had an opportunity to meet with defendant on two separate occasions and review his medical records. While Dr. Rinnas acknowledged that defendant had a history of mental illness, she noted that it involved anxiety and depression, and that there was never any indication that those conditions, or anything else, had significantly impaired defendant's judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life. In fact, there was significant evidence that defendant was functioning normally up until the very moment he committed these crimes, including the fact that he had represented himself in a court proceeding earlier that day. Rinnas believed that defendant's actions of fleeing the scene, selectively remembering what he had done, carrying out a plan to visit a friend, and providing a false name

at the hospital suggested that he not only appreciated the nature of his actions, but had been able to think clearly and cohesively at the time of the incident.

The two experts disagreed regarding whether defendant was legally insane at the time of the killing. However, we defer to the jury's determination regarding credibility of witness, and resolve all conflicts in favor of the prosecution. *Bennett*, 290 Mich App at 472. Accordingly, we conclude that there was sufficient evidence presented on which a rational jury could find that defendant was sane at the time of the offense. *Russell*, 297 Mich App at 721.

Affirmed.


/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood