# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LENERO ANTONIO THOMAS,

        Defendant-Appellant.

UNPUBLISHED
October 27, 2016

No. 325388
Wayne Circuit Court
LC No. 14-007588-FH

Before: OWENS, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of assault with intent to do great bodily harm less than murder (AWITGBH), MCL 750.84, malicious destruction of property ($1,000 or more but less than $20,000), MCL 750.377a(1)(b)(*i*), and third-degree retail fraud, MCL 750.356d(4). He was sentenced to 34 months to 10 years' imprisonment for the AWITGBH conviction, 23 months to 5 years' imprisonment for the malicious destruction of property conviction, and 90 days in jail, time served, for the third-degree retail fraud conviction. Defendant appeals as of right. We affirm.

This matter arises from a physical altercation between defendant and Mark Sitto. Sitto was preparing to close his liquor store for the evening when defendant arrived to purchase a single cigarette. After Sitto told defendant he could not sell him one cigarette, defendant became angry and confrontational. Sitto asked defendant to leave several times, to no avail. Eventually, a fight broke out between Sitto and defendant. During the brawl, defendant body slammed Sitto twice, causing several of Sitto's ribs to break. The incident was recorded by the liquor store's surveillance cameras, and the footage was admitted as evidence at trial.

On appeal, defendant argues that his conviction should be reversed because there was insufficient evidence from which the trial court could find him guilty of AWITGBH beyond a reasonable doubt. Specifically, defendant contends that the trial court erred when it found he had the specific intent required for an AWITGBH conviction. We disagree.

For a sufficiency of the evidence claim, this Court reviews the record de novo. *People v Henry (After Remand)*, 305 Mich App 127, 142; 854 NW2d 114 (2014). This Court must "view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441

-1-

Mich 1201 (1992). This Court must not interfere with the fact-finder's role of "determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Moreover, this Court reviews a trial court's findings of fact for clear error. MCR 2.613(C); *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015).

AWITGBH has two elements: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). To satisfy the second element, the prosecution must prove that defendant had the intent to cause "serious injury of an aggravated nature." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014), quoting *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). Criminal intent can be proven circumstantially. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). "A factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense." *Id*. (citations omitted.) Additionally, the nature and extent of injuries is probative of an individual's intent. *People v Mills*, 450 Mich 61, 71; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995).

Defendant does not challenge the sufficiency of the evidence offered in support of the assault element. Rather, defendant contends that the trial court erred because it based its intent finding solely on the injury Sitto sustained. The court stated:

> The medical records indicate that Mr. Sitto suffered broken ribs. I think that there is a big difference between a minor touching and a body slam.
>
> In the opinion of this trier of fact, the body slam contributed to the Great Bodily Harm. The act in and of itself contributed to the Great Bodily Harm . . . .

While it is true that intent to do great bodily harm cannot be inferred *solely* from the nature of the injuries inflicted, *People v Emerson*, 319 Mich 225, 228; 29 NW2d 161 (1947), defendant's characterization of the court's finding ignores the reasonable inferences that can be drawn from the evidence presented at trial.

Sitto testified that defendant body slammed him two times during the brawl. Sitto was physically smaller than defendant, and he indicated that defendant used enough force to overpower him. In fact, defendant used so much force during the second body slam that Sitto broke several ribs. Further, Sitto stated that, during the fight, defendant said, "I will kill you" multiple times. The prosecutor presented several videos of the altercation. The videos corroborate Sitto's recollection of the event. Defendant can be seen grabbing a cart and pushing it into Sitto. The videos also depict defendant picking Sitto up twice and slamming him onto the ground, and continuing the assault while a store clerk attempted to separate him from the victim.

Clearly, this is not a case in which the prosecution's only proof of intent was the nature of Sitto's injuries. The manner of the assault, defendant's threats, and the severity of the injury all support a reasonable inference that defendant intended to cause Sitto serious injury of an

aggravated nature. Moreover, the prosecution presented video footage of the altercation, allowing the fact-finder to watch defendant's demeanor during the assault. Viewed in the light most favorable to the prosecution, the trial court could reasonably conclude that this evidence proved defendant's intent beyond a reasonable doubt.

Furthermore, the trial court's finding that the body slam demonstrated defendant's intent was not clearly erroneous. Pursuant to MCR 6.403, in a bench trial, the court is required to make findings of fact and separately state its conclusions of law. In this matter, after hearing the parties' testimony and viewing the surveillance footage, the trial judge declared that "there is a difference between putting your hands on someone and a body slam." Although the judge did not specifically state a separate finding regarding defendant's intent, judges are "presumed to know the law." *People v Sexton*, 250 Mich App 211, 228; 646 NW2d 875 (2002), quoting *People v Garfield*, 166 Mich App 66, 79; 420 NW2d 124 (1988). This Court will not remand a case based on the trial court's failure to make an explicit finding of fact regarding every element of the crime when it is clear that the court was aware of the factual issue, resolved it, and an explicit finding is not necessary for appellate review. *People v Legg*, 197 Mich App 131, 135-136; 494 NW2d 797 (1992). The prosecution presented evidence that defendant used an extremely powerful blow, not just once, but twice, to debilitate Sitto, while simultaneously threatening to kill him. Defendant executed the second body slam with such force that it broke Sitto's ribs. It was not clear error for the judge to infer defendant's intent to do great bodily harm from these facts.

Affirmed.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

-3-