COMMUTER TAX ASSOCIATION OF METROPOLITAN DETROIT v
CITY OF DETROIT

Docket No. 59770. Submitted September 21, 1981, at Lansing.—Decided September 21, 1981. Leave to appeal denied, 411 Mich 1065.

The Commuter Tax Association of Metropolitan Detroit and Michael J. Pal, its chairman, brought an action against the City of Detroit, seeking a declaratory judgment on the constitutionality of 1981 PA 60 and an invalidation of an increase in the rate of nonresident income tax imposed pursuant to the act. Defendant moved for summary judgment, which motion was granted, Wayne Circuit Court, Richard D. Kaufman, J. Plaintiffs were granted emergency leave to appeal. Defendant moves to affirm the judgment on the ground that the questions sought to be reviewed are so unsubstantial as to need no argument or formal submission. *Held:*

1. The nonresident tax increase provision of 1981 PA 60 complies with the "direct voter approval" provision of the Michigan 'Constitution.

2. 1981 PA 60 does not deny nonresidents of the city the equal protection of law by failing to provide them with an opportunity to vote on an increase in the nonresident income tax rate because the Michigan Constitution provides no such right.

3. The amendment of the original bill which became 1981 PA 60 did not violate the constitutional proscription against altering or amending a bill during its passage through either house of the Legislature so as to change its original purpose.

4. 1981 PA 60 does not render the City Income Tax Act to be in violation of the title-object clause of the Michigan Constitution.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 71 Am Jur 2d, State and Local Taxation § 472.
  Validity of municipal ordinance imposing income tax or license upon nonresidents employed in taxing jurisdiction (commuter tax). 48 ALR3d 343.
[2] 16A Am Jur 2d, Constitutional Law §§ 789, 790.
[3] 73 Am Jur 2d, Statutes §§ 57. 58.
[4] 73 Am Jur 2d, Statutes § 117.

5. The lower court properly granted defendant's motion.

Affirmed.

1. TAXATION — NONRESIDENT INCOME TAX — CONSTITUTIONAL LAW — STATUTES.

The provision of the City Income Tax Act which permits an increase in the income tax rate applied to nonresidents upon approval of a majority of the qualified electors within the unit of local government seeking the increase is consistent with the "direct voter approval" requirement of the Michigan Constitution (Const 1963, art 9, §§ 25, 31; MCL 141.503; MSA 5.3194[3]).

2. TAXATION — NONRESIDENT INCOME TAX — CONSTITUTIONAL LAW — EQUAL PROTECTION — STATUTES.

The Michigan Constitution does not afford persons who do not reside within a unit of local government but who earn income therein a right to vote on an increase in the rate of nonresident income tax; thus, the imposition of such increase upon nonresidents by a local unit of government does not violate equal protection guarantees (Const 1963, art 9, §§ 25-34; MCL 141.501 et seq.; MSA 5.3194[1] et seq.).

3. CONSTITUTIONAL LAW — LEGISLATIVE PROCESS — AMENDMENTS.

A bill or amendment which is substituted for an original bill during the process of enactment which is in harmony with the objects and purposes of the original bill and is germane thereto does not offend the constitutional proscription against altering or amending bills so as to change their original purpose (Const 1963, art 4, § 24).

4. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — AMENDMENTS.

The title of an act is not required to be an index of all its provisions, and where an act centers on one main, general object or purpose which its title comprehensively declares in general terms and its provisions, including amendments to the act, although not directly mentioned, are germane, auxiliary, or incidental to its general purpose, the act meets the requirements of the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24).

5. TAXATION — NONRESIDENT INCOME TAX — CONSTITUTIONAL LAW — STATUTES.

The recent amendment of the City Income Tax Act including the designation of the agency charged with its implementation, being germane, auxiliary, or incidental to the purpose of the act does not render the act to be in violation of the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 141.503; MSA 5.3194[3]).

*Carlin, Ranno & Coethel,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *James K. Robinson, Michael B. Shapiro* and *I. W. Winsten),* and *Sylvester Delaney,* Deputy Corporation Counsel, *Kay Schloff,* Supervising Assistant Corporation Counsel, and *Robert Rhoades,* Assistant Corporation Counsel, for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and D. F. WALSH, JJ.

PER CURIAM. Plaintiffs brought this action for declaratory judgment on the constitutionality of 1981 PA 60, which amends portions of the City Income Tax Act, MCL 141.501 *et seq.;* MSA 5.3194(1) *et seq.,* and to invalidate a one percent increase in the City of Detroit income tax on nonresidents imposed pursuant to that act, MCL 141.503; MSA 5.3194(3). The Wayne County Circuit Court entered summary judgment for defendant and plaintiffs appealed. Defendant has filed a motion to affirm pursuant to GCR 1963, 817.5(3).

Plaintiffs contend that 1981 PA 60 violates the Headlee amendment to the constitution, Const 1963, art 9, §§ 25-34, because it allows an increase in the nonresident income tax rate without the "direct voter approval" of nonresidents, allegedly as required by Const 1963, art 9, § 25. Properly interpreted, plaintiffs argue, Headlee, § 25, requires approval of a tax increase by the taxpayers affected by the increase. Defendant argues that Headlee, § 31, controls and that it was satisfied by a majority vote of the qualified electors of the City of Detroit, *i.e.,* the unit of local government which sought to increase the rate of the existing income tax.

We are persuaded that defendant's position is

correct. Headlee, § 25, states a general purpose, but, by its own terms, is implemented by the sections which follow, including § 31. Headlee, § 25, states:

"Implementation of this section is specified in Sections 26 through 34, inclusive, of this Article."

The meaning of the phrase "direct voter approval" in § 25 therefore is specified in § 31 and requires only the "approval of a majority of the qualified electors of that unit of Local Government voting thereon". Since § 25 expressly takes its meaning from the sections which follow, no further construction or interpretation of the phrase "direct voter approval" is required.

Plaintiffs also contend that 1981 PA 60 violates equal protection quarantees by denying them the right given by the Headlee amendment to vote on an increase in the income tax for nonresidents. We reject this contention because, as we concluded above, the Headlee amendment gives no such right to vote. Absent such a right, the city properly may impose a tax on the income of nonresidents. See *Dooley v Detroit,* 370 Mich 194; 121 NW2d 724 (1963), 71 Am Jur 2d, State and Local Taxation, § 472, pp 774-777, Anno: *Validity of municipal ordinance imposing income tax or license upon nonresidents employed in taxing jurisdiction (commuter tax),* 48 ALR3d 343.

Next, plaintiffs argue that 1981 PA 60 violates that part of Const 1963, art 4, § 24, which provides: "No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title." Plaintiffs argue that 1981 PA 60 is substantially different from original

House Bill No. 4541 and from the original City Income Tax Act because it provides for approval of a tax increase by qualified electors, for the sale of fiscal stabilization bonds, for employee wage and salary concessions, and for certification by the state administrative board.

We reject the contention. Const 1963, art 4, § 24 is not offended if the substitute bill or amendment is for the same purpose as the original bill, if the substitute or amendment is in harmony with the objects and purposes of the original bill and germane thereto. *United States Gypsum Co v Dep't of Revenue,* 363 Mich 548; 110 NW2d 698 (1961), *Moeller v Wayne County Board of Supervisors,* 279 Mich 505; 272 NW 886 (1937).

In this case, the final version of House Bill No. 4541 and 1981 PA 60 are in harmony with and germane to the purposes of the original City Income Tax Act, which was, as expressed in its title, an act designed, *inter alia,* "to permit the imposition and collection by cities of an excise tax levied on or measured by income; to provide the procedure including referendums for" and "to limit the imposition and collection by cities and villages of excise taxes levied on or measured by income".

Finally, plaintiffs contend that 1981 PA 60 violates the title-object clause of Const 1963, art 4, § 24 that "[n]o law shall embrace more than one object, which shall be expressed in its title". Plaintiffs argue that the title of the City Income Tax Act fails to give notice to the provisions in 1981 PA 60 for the issuance of fiscal stabilization bonds, employee wage and salary agreements, and concessions and certification by the state administrative board.

The title of an act is not required to be an index of all of its provisions. *Midland Twp v State*

*Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977), *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974). As the Supreme Court said in *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917):

"An abridgment of all those sections is not essential to a sufficient title. While it contains various related provisions not directly indicated or enumerated in the title, under the construction of this constitutional requirement, as many times reviewed by this court, if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met."

The several new provisions in 1981 PA 60, though not enumerated in the title of the City Income Tax Act, are nevertheless germane, auxiliary, or incidental to the purpose of that act "to provide the procedure" for imposing and collecting an income tax and "to limit the imposition and collection by cities and villages of excise tax levied on or measured by income". In particular, 1981 PA 60 is not defective because the title to the City Income Tax Act fails to disclose the role of the state administrative board. As the Supreme Court said in *Midland Twp, supra,* 654:

"Whether a provision is germane depends on its relationship to the object of the act, not who is charged with implementing the provision. Although an act centers on the functioning of city government and its title so indicates, it is not consequential for purposes of the Title-Object Clause whether a city, county or state official or agency is charged by the act with participation in implementation of a provision of the act as long as the provision to be implemented is germane to the functioning of city government."

The circuit court properly granted defendant's motion for summary judgment. Defendant's motion to affirm is granted. This Court will not entertain an application for rehearing. GCR 1963, 801.3, 820.1(7).

Affirmed.