PEOPLE v CLOPTON

Docket No. 56698. Submitted April 12, 1982, at Lansing.—Decided
July 12, 1982.

James D. Clopton pled guilty in Kalamazoo Circuit Court to
charges of third-degree criminal sexual conduct and breaking
and entering an occupied dwelling and was sentenced, C. H.
Mullen, J. Defendant appeals the criminal sexual conduct
conviction on the ground that the Michigan criminal sexual
conduct statutes are unconstitutional because the statutes as
enacted were a substitute bill which was not in the possession
of the Senate for five days prior to the Senate concurrence and
because it had not been read before the Senate three times in
its substitute form. *Held:*

An amended version of a bill or a substitute bill need not
meet the procedural constitutional requirements for passage
where the original bill has already met those requirements and
the amended or substitute version serves the same purpose as
the original bill, is in harmony with the objects and purpose of
the original bill, and is germane thereto. In this case, it was not
necessary that the substitute version be in the possession of the
Senate for five days and that it be reread an additional three
times prior to passage.

Affirmed.

1. APPEAL — STATUTES — CONSTITUTIONAL LAW — PRESERVING QUES-
TION.

A challenge to the constitutionality of a statute not raised at trial
is not preserved for appellate review in the absence of manifest
injustice.

2. CRIMINAL LAW — STATUTES — CONSTITUTIONAL LAW — GUILTY
PLEAS.

A challenge to the constitutionality of a statute under which a
defendant is prosecuted or punished is an attack on the state's

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 53, 574.

16 Am Jur 2d, Constitutional Law §§ 174, 176.

[2] 16 Am Jur 2d, Constitutional Law § 176.

[3] 16 Am Jur 2d, Constitutional Law § 219.

73 Am Jur 2d, Statutes § 343.

authority to prosecute or punish the defendant under that law; such a claim is never waived by a guilty plea.

3. CONSTITUTIONAL LAW — LEGISLATIVE PROCESS — AMENDMENTS.

An amended version of an original bill or a substitute bill need not meet the procedural constitutional requirements on printing or reproduction and being in possession of each house for a minimum number of days and on the number of readings required before final passage where the original bill has met the procedural requirements and the amended version or substitute serves the same purpose as the original bill, is in harmony with the objects and purposes of the original bill, and is germane thereto; procedurally, such an amended or substitute bill is considered to be a version of the original, not a new bill (Const 1963, art 4, § 26).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Mark V. Courtade,* Assistant Prosecuting Attorney, for the people.

*Marovich & Stroba,* for defendant on appeal.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

WAHLS, J. Defendant pled guilty following a plea bargain to third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), and to breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305.

Defendant appeals the criminal sexual conduct conviction on the ground that the Michigan criminal sexual conduct statutes are unconstitutional in that they were not enacted in compliance with article 4, § 26 of the 1963 Constitution, which provides:

"Sec. 26. No bill shall be passed or become a law at any regular session of the legislature until it has been printed or reproduced and in the possession of each

house for at least five days. Every bill shall be read three times in each house before the final passage thereof. No bill shall become a law without the concurrence of a majority of the members elected to and serving in each house. On the final passage of bills, the votes and names of the members voting thereon shall be entered in the journal."

We note initially that defendant did not raise this issue in the proceedings below. A challenge to the constitutionality of a statute not raised below is not preserved for appellate review in the absence of manifest injustice. *People v Kaigler,* 116 Mich App 567; 323 NW2d 486 (1982), *Universal Life Church, Inc v Comm'r of Lottery,* 96 Mich App 385, 389; 292 NW2d 169 (1980), *People v Jones,* 83 Mich App 559, 569; 269 NW2d 224 (1978). Because manifest injustice would occur were defendant convicted under a statute rendered unconstitutional through defects in enactment, we choose to review this claim. In addition, defendant's claim is not waived by his plea of guilty in that a challenge to the constitutionality of the statute is an attack on the state's authority to prosecute or punish the defendant. Such a claim is never waived by a guilty plea. *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), *cert den* 429 US 951 (1976). See, also, Justice MOODY's concurring opinion in *People v White,* 411 Mich 366, 395-398; 308 NW2d 128 (1981), *People v Kaigler, supra.*

An examination of the facts reveals that the original criminal sexual conduct bill was under consideration in the Senate for three months after introduction and was read twice by title and once in full. When the bill was sent to the House, it was read initially by title. A substitute bill was then introduced. Both versions were read a second time. The substitute bill was read again when it was

adopted by the House. Approximately one month after receiving the original bill, the House referred the substitute bill to the Senate, which concurred in that version one day after its return. The act was subsequently enrolled and signed into law.

Defendant specifically argues that the act is unconstitutional because the substitute bill was not in the possession of the Senate for five days prior to the Senate concurrence and because it had not been read before the Senate three times in its substitute form.

We find no merit in defendant's contention.

When an original bill has met the procedural constitutional requirements for passage, an amended version or substitute bill need not also meet those requirements in its later form so long as the amended version or substitute serves the same purpose as the original bill, is in harmony with the objects and purposes of the original bill, and is germane thereto. *United States Gypsum Co v Dep't of Revenue,* 363 Mich 548; 110 NW2d 698 (1961).[1] See, also, *Commuter Tax Ass'n of Metropolitan Detroit v Detroit,* 109 Mich App 667, 671; 311 NW2d 449 (1981). Procedurally, such an amended or substitute bill is considered to be a version of the original, not a new bill.

In the instant case, the substitute House bill preserved the purpose of the original Senate bill:

[1] The constitutional questions posed in *United States Gypsum* involved §§ 22 and 23 of article 5 of the Michigan Constitution of 1908. The relevant portion of § 22 provided:

"No bill shall be passed or become a law at any regular session of the legislature until it has been printed and in the possession of each house for at least five days."
The relevant portion of § 23 provided:

"Every bill shall be read three times in each house before the final passage thereof."
These provisions were combined in § 26 of article 4 of the 1963 Constitution, upon which defendant bases his appeal.

to enact a criminal sexual conduct statute to codify and modernize our law in the area of sexual offenses. The purpose of the substitute bill was consistent with and germane to that of the original bill.

Consideration of the bill, in its original and substitute versions, was conducted in compliance with the requirements of § 26 of article 4 of the 1963 Constitution. The original bill had been in the possession of the Senate for over three months and had been read three times during that time; the bill in both versions had been before the House for over one month and had also been read three times.

It was not necessary that the substitute version be in the possession of the Senate for five days and that it be reread an additional three times prior to passage. The Supreme Court in its wisdom has eliminated this redundancy. *US Gypsum v Revenue Dep't, supra.*

The criminal sexual conduct statutes were enacted in accordance with the dictates of our constitution.

Defendant's conviction is affirmed.