PEOPLE v TAYLOR

Docket No. 106384. Submitted January 4, 1990, at Lansing. Decided
August 7, 1990. Leave to appeal applied for.

John M. Taylor was convicted of first-degree criminal sexual
conduct following a jury trial in the Oakland Circuit Court,
Alice L. Gilbert, J. He thereafter pled guilty to being an
habitual offender, fourth felony, and was sentenced to eighty to
two hundred years in prison. He was also ordered to pay
restitution to the victim. Defendant appealed.

The Court of Appeals *held:*

1. The rule requiring prison inmates to be brought to trial
within 180 days was not applicable to this case.

2. The results of human leukocyte antigens blood tests were
properly admitted. Such testing did not violate defendant's
right against self-incrimination.

3. The trial court did not abuse its discretion in excluding
evidence offered by the defendant regarding the complainant's
alleged previous sexual activity.

4. The prosecutor was properly allowed to amend the infor-
mation to allege three dates rather than a single date on which
an incident might have occurred. The jury instruction on the
meaning of the phrase "on or about" did not mislead the jury
and was not error.

5. The evidence was sufficient to support the verdict.

6. The trial court did not abuse its discretion in denying
defendant's motion for a new trial based on alleged new evi-
dence.

7. There is no evidence of prosecutorial misconduct.

8. Defendant received effective assistance of counsel.

9. The trial court did not err in ordering defendant to make

REFERENCES

Am Jur 2d, Criminal Law §§ 542,606, 629.

Am Jur 2d, Evidence §§ 106, 370.

Admissibility, weight, and sufficiency of blood-grouping tests in
criminal cases. 2 ALR4th 500

Requiring submission to physical examination or test as violation of
constitutional rights. 25 ALR2d 1407.

financial restitution without conducting a hearing on his ability to pay. Defendant never asserted an inability to pay.

10. Defendant's sentence violates the indeterminate sentencing act; although a lengthy sentence is warranted, it must be one which defendant has a reasonable prospect of actually serving.

Convictions affirmed and remanded for resentencing.

1. CRIMINAL LAW — EVIDENCE — HUMAN LEUKOCYTE ANTIGENS BLOOD TESTS.

The results of human leukocyte antigens (HLA) typing blood tests are admissible in a criminal action where the results are relevant to show a connection between the defendant and the criminal act; HLA testing is widely accepted in the scientific community as reliable.

2. CRIMINAL LAW — EVIDENCE — BLOOD TESTS — SELF-INCRIMINATION.

The withdrawal of blood and the use of the analysis of it in court does not constitute testimonial compulsion prohibited by the Fifth Amendment of the United States Constitution.

3. CRIMINAL LAW — INFORMATIONS — TIME OF OFFENSE.

An information must contain the time of the offense; however, a variance is not fatal unless time is of the essence (MCL 767.45[1][b]; MSA 28.985[1][b]).

4. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — TIME OF OFFENSE.

Time is not of the essence, nor a material element, in a criminal sexual conduct case where a child is the complainant.

5. CRIMINAL LAW — JUDGMENTS — RESTITUTION.

A defendant's ability to pay restitution to his victim need be determined only after an assertion of the inability to pay; without such an assertion, a court may order the payment of restitution without conducting a hearing on defendant's ability to pay.

6. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES.

A sentence imposed for a term of years must be an indeterminate sentence less than life that is reasonably possible for a defendant to serve.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Ap-

pellate Division, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for defendant on appeal.

Before: Marilyn Kelly, P.J., and Gillis and MacKenzie, JJ.

Per Curiam. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2). He pled guilty to habitual offender, fourth felony and was sentenced to eighty to two hundred years in prison. MCL 769.12; MSA 28.1084. He appeals as of right. We affirm the convictions but remand for resentencing.

Defendant's victim was a twelve-year-old girl who had gone to her friend's house to play one Sunday afternoon in December, 1983. The house belonged to defendant, and the friend was his daughter. Defendant detained the complainant at his house after his daughter left on the pretext that he needed a babysitter for his other children. He promised complainant to drive her home in his pickup. Instead, he took her to an unlit, unpaved area and forced her to have vaginal intercourse.

The complainant told no one about the rape. When she discovered she was pregnant, she disclosed her condition to defendant who denied it was his child. The complainant went through the entire pregnancy revealing it to no one else.

On September 11, 1984, when she realized she had gone into labor, the complainant closed herself in the family's bathroom and delivered the child. Her brother heard her crying out. She then told him that defendant had raped her.

Defendant continued to deny paternity. Blood tests called human leukocyte antigens (HLA) typing

were performed on defendant, the mother and the infant. The results set the likelihood of defendant's paternity at between ninety-seven and ninety-nine percent.

Defendant offered alibi testimony for each of the possible dates on which the assault could have occurred. However, he admitted to his wife that he had intercourse with the complainant.

Defendant raises numerous issues on appeal. First, he argues that the prosecution failed to bring him to trial within 180 days as required by MCL 780.131(1); MSA 28.969(1)(1).

Prison inmates against whom charges are pending must be brought to trial within 180 days of incarceration. *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978). This rule does not apply to defendant, as he was not in a state penal institution while awaiting trial. *People v Patterson,* 170 Mich App 162, 166; 427 NW2d 601 (1988). He was free on bond most of the time prior to trial. *People v Walker,* 142 Mich App 523, 527-528; 370 NW2d 394 (1985).

Next, defendant claims the court erred in denying his motion to suppress the results of the HLA testing. We disagree.

Dr. Richard Walker, an expert in hematology, pathology and percentage testing, testified that HLA blood grouping analysis has been done in Europe since 1944. In 1976 the American Medical Association endorsed HLA testing. Dr. Walker stated that the scientific community accepts these tests as reliable. The American Association of Blood Banks has developed procedural standards to ensure the reliability of the results. See also *Pizana v Jones,* 127 Mich App 123, 125-126; 339 NW2d 1 (1983).

In performing the blood analysis, Dr. Walker examined eleven systems containing approxi-

mately fifty genetic markers. On the basis of the test results, he found the probability that defendant was the father of the child to be between ninety-nine and ninety-seven percent. He set a conservative estimate at ninety-seven percent.

The admissibility of the results of HLA testing in a criminal action has not been addressed in Michigan. However the results are admissible by statute in a paternity action. MCL 722.716; MSA 25.496.

The generally accepted rule for the admissibility of scientific evidence is that the procedure used must be sufficiently established to have gained general acceptance in its particular field. *Frye v United States,* 54 App DC 46; 293 F 1013 (1923). HLA testing is widely accepted in the scientific community as an accurate method of determining paternity probabilities. See *Little v Streater,* 452 US 1, 6-8; 101 S Ct 2202; 68 L Ed 2d 627 (1981); *State v Thompson,* 503 A2d 689, 692-693 (Me, 1986). See also Anno: *Admissibility, weight and sufficiency of human leukocyte antigen (HLA) tissue typing tests in paternity cases,* 37 ALR4th 167.

Defendant claims that the results were inadmissible, because the child's blood was illegally drawn. He cites the paternity statute which requires that the child's testing shall not be undertaken before the age of six months. MCL 722.716(1); MSA 25.496(1). The child here was two months old.

Dr. Walker explained that the age limit relates to the method of obtaining the blood sample. The method used in this case did not violate the statute. Age may also affect three of the eleven systems tested. In this case, two systems only were affected, and the paternity probability was accordingly revised downward to ninety-seven percent.

The testimony presented at trial supports the reliability of HLA testing. The results were relevant to show a connection between defendant and

the criminal act. The court did not abuse its discretion in admitting this evidence.

We also reject defendant's contention that the blood testing violated his right against self-incrimination. Certain acts which compel a defendant to provide real or physical evidence do not violate the Fifth Amendment privilege against self-incrimination. *Schmerber v California,* 384 US 757, 764; 86 S Ct 1826; 16 L Ed 2d 908 (1966); *People v Burhans,* 166 Mich App 758, 761-762; 421 NW2d 285 (1988). The withdrawal of blood and the use the analysis of it do not constitute prohibited testimonial compulsion. *Schmerber,* 761. Thus defendant's privilege was not violated.

Defendant claims the trial court improperly excluded evidence of the complainant's previous sexual activity. He presented the testimony of an eighteen-year-old who claimed to have seen his brother engage in sexual intercourse with the complainant in October or November, 1983. The court granted the prosecutor's motion to strike this evidence.

The rape shield statute provides that evidence of specific instances of a victim's sexual conduct shall only be admitted under certain circumstances which include showing the source of pregnancy. MCL 750.520j(1)(b); MSA 28.788(10)(1)(b). Defendant did not comply with the notice provisions of the statute. Moreover the evidence has no value regarding the source of the pregnancy. In order to render it probative, defendant would have had to show that complainant carried the baby for ten or eleven months.

Defendant argues the evidence should have been admitted for impeachment purposes. The complainant testified that she never had sexual intercourse prior to the rape.

There is no necessary connection between a

witness' veracity and her sexual immorality. *People v Slovinski,* 166 Mich App 158, 167; 420 NW2d 145 (1988). The evidence urged by defendant was more prejudicial than probative. The court did not abuse its discretion in rejecting it.

Next, defendant claims the court erroneously instructed the jury on the meaning of "on or about." He contends that one instruction, as given, allowed the jury to find that the rape occurred on a date other than the three dates alleged in the information. We disagree.

The court instructed the jurors pursuant to CJI 4:12:01(2). It provides:

> When, as in this case, it is charged that the crime was committed "on or about" a certain date, it is not necessary that the proof show that it was committed on that precise date; it is sufficient if the proof shows that the crime was committed reasonably near that date.

The instruction did not mislead the jury. The complainant was certain the crime occurred on December 4, 11, or 18, 1983. This was not a case where the prosecutor introduced other evidence of sexual conduct between the parties or where the prosecutor sought to prove more than one sexual act. *People v Howell,* 396 Mich 16, 28; 238 NW2d 148 (1976). The instructions adequately advised the jurors of their responsibilities. *People v Storch,* 176 Mich App 414, 418; 440 NW2d 14 (1989). We find no error.

Defendant claims the court erred in allowing the prosecutor to amend the information to allege three dates rather than a single date on which the incident might have occurred.

The information must contain the time of the offense. However a variance is not fatal unless

time is of the essence. MCL 767.45(1)(b); MSA 28.985(1)(b); *People v Stricklin,* 162 Mich App 623, 634; 413 NW2d 457 (1987). Time is not of the essence, nor a material element, in a criminal sexual conduct case where a child is involved. *Stricklin, supra.*

Defendant was not prejudiced or otherwise denied due process by the amending of the information. He was allowed to conduct an evidentiary hearing after the amendment. His trial did not begin until three months later. We find no error.

Defendant also contends there was insufficient evidence to sustain a guilty verdict. He argues that his alibi evidence for each of the three dates charged precludes the jury from finding that he committed the offense.

In so arguing, defendant ignores the fact that the jurors decided not to believe his alibi witnesses. Yet, unquestionably, credibility is their province. *People v Boynton,* 46 Mich App 748, 749; 208 NW2d 523 (1973). In this case, the testimony of complainant alone was sufficient evidence to establish defendant's guilt beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

Next, we find the court did not abuse its discretion in denying defendant's motion for a new trial based on new evidence. Defendant contended that complainant's medical records from September 11, 1984, showed she had received a blood transfusion after delivering the baby. He sought an evidentiary hearing to determine its effect on paternity testing. Defendant failed to demonstrate that this evidence was newly discovered or that it probably would have resulted in a difference on retrial. *People v Sharbnow,* 174 Mich App 94, 104; 435 NW2d 772 (1989), lv den 433 Mich 895 (1989). We

note, in addition, that he failed to support his motion with an affidavit. MCR 2.611(D)(1).

Defendant also alleges two instances of prosecutorial misconduct. First, he claims the prosecutor unduly pressured the complainant to establish the date of the incident. The prosecutor has a duty to make a reasonably thorough investigation to guard against a deficient information. *People v Naugle,* 152 Mich App 227, 233-234; 393 NW2d 592 (1986). This was a proper exercise of that duty.

Secondly, defendant claims the prosecutor failed to investigate a police report that the complainant's mother stated her boyfriend had raped complainant. We have not been given a copy of this alleged police report. Further, defense counsel had an opportunity to cross-examine complainant and her mother about the alleged statement. We find no evidence of prosecutorial misconduct. Plaintiff received a fair trial. *People v Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988), lv den 431 Mich 900 (1988).

Defendant claims he was denied the effective assistance of counsel. We find the allegation meritless under either standard commonly used by this Court. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Our review of the issue is limited to the record before us. *People v Walker,* 167 Mich App 377, 382; 422 NW2d 8 (1988), lv den 431 Mich 883 (1988). We briefly address each allegation made by defendant:

a) Defendant, himself, agreed to the stipulation to blood reports, scientific tests, and to the adequacy of the chain of evidence. Defense counsel appropriately challenged the results of the blood tests at trial.

b) Failure to object to the testimony of complain-

ant's brother was not error. The testimony would have been admissible over objection as an excited utterance. MRE 803(2).

c) Defendant failed to identify the specific jury instructions that he claims defense counsel did not object to.

d) No support for the mother's allegation concerning a different perpetrator of the rape has been found. Therefore, we cannot say that failure to cross-examine regarding this issue constituted inadequate representation of counsel.

We reject defendant's claim that he was denied due process arising from cumulative errors in his trial. *People v Anderson,* 166 Mich App 455, 472-473; 421 NW2d 200 (1988), lv den 432 Mich 858 (1989). Our review of the record indicates he received a fair and impartial trial.

Defendant's claim that the criminal sexual conduct statutes are unconstitutional is without merit for the reasons cited in *People v Clopton,* 117 Mich App 673, 676-677; 324 NW2d 128 (1982). See also *People v Krauss,* 156 Mich App 514, 516; 402 NW2d 49 (1986).

Defendant's last two issues concern his sentence. First, he claims the court erred in requiring that he make financial restitution without conducting a hearing on his ability to pay. He is incorrect. Defendant's ability to pay need be determined only after an assertion of inability to pay is made. *People v Music,* 428 Mich 356, 363; 408 NW2d 795 (1987). Here, defendant never suggested to the trial court that he was incapable of making restitution.

Secondly, defendant argues that his sentence is excessive. He was thirty-nine years old at the time of sentencing. His sentence was eighty to two hundred years. The entire interval between defen-

dant's minimum and maximum sentence is certain to occur after his death. Thus the sentence violates the Michigan Supreme Court's interpretation of the indeterminate sentencing act. *People v Moore,* 432 Mich 311, 321; 439 NW2d 684 (1989). Although a lengthy sentence is warranted in this case, it must be one which defendant has a reasonable prospect of actually serving.

Defendant's convictions are affirmed. Remanded for resentencing.