# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAYMOND RUSSELL SEIGNEURIE,

Defendant-Appellant.

UNPUBLISHED
September 7, 2017

No. 332270
St. Clair Circuit Court
LC No. 15-002092-FC

Before: TALBOT, C.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his three jury trial convictions of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13 years old). Defendant was sentenced to 20 to 30 years' imprisonment for each conviction. We affirm.

This appeal arises out of the childhood sexual abuse of defendant's eldest daughter, who was an adult at the time of trial. Defendant repeatedly engaged in digital penetration of the victim while she was between the ages of 3 and 10 years old. It was not until the victim gave birth to her own daughter that she reported the sexual abuse. Defendant raises several arguments on appeal, all which we find to be unpersuasive. Each is addressed in turn.

## I. GREAT WEIGHT OF THE EVIDENCE

Defendant first argues that the great weight of the evidence did not support his three CSC I convictions. We disagree.

Defendant failed to preserve this issue for appellate review by moving for a new trial in the trial court. *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014). We review unpreserved challenges to the great weight of the evidence for plain error affecting a defendant's substantial rights. *Id*.

A new trial may be granted if a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). However, a new trial should only be granted when the evidence preponderates so heavily against a jury's verdict that a serious miscarriage of justice would otherwise result. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). Generally, conflicting testimony and issues of witness credibility are insufficient grounds for granting a new trial. *Id*. Unless "directly contradictory testimony was so far impeached that it 'was deprived of all

-1-

probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." *People v Lemmon*, 456 Mich 625, 645-646; 576 NW2d 129 (1998) (citation omitted).

Defendant's argument on appeal centers around the fact that the victim's testimony was "seriously" impeached at trial. Specifically, the victim had difficulty remembering small details of the alleged events, and did not testify wholly consistent with her preliminary examination testimony. Defendant further argues that the victim's story of being molested over 20 times in the living room in front of her entire family was "patently incredible or defies physical realities." However, witness credibility is a question for the jury, *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009), and this Court does not interfere with a jury's determination regarding credibility, *People v Noble*, 238 Mich App 647, 657; 608 NW2d 123 (1999). Additionally, as noted above, "conflicting testimony," such as the conflicting testimony of the victim and defendant, "and questions of witness credibility are generally insufficient grounds for granting a new trial." *Unger*, 278 Mich App at 232.

Although the victim's testimony was impeached on small details, much of the victim's testimony was actually supported by the testimony of other witnesses. For example, the victim's mother, defendant's wife, testified that although she was unaware of the sexual abuse when it originally took place, the victim did eventually disclose the abuse during a family meeting. After that meeting, a blank, calm, and unemotional defendant admitted that he had inappropriately touched the victim. The victim's and her mother's testimony was also consistent regarding at least one other later incident that took place between defendant and the victim at the family's home in Macomb County. The victim's first husband also testified that he had been made aware of the relationship between defendant and the victim, and that the victim had made him promise he would never repeat what he knew. He also testified that the victim had been "real particular" about having her mother, and not defendant, watch their two young children.

Based on the foregoing, it cannot be said that the evidence "preponderated so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand" if defendant was not granted a new trial. *Unger*, 278 Mich App at 232. Therefore, the jury's verdict was not against the great weight of the evidence presented at trial.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Second, defendant argues that he received ineffective assistance of counsel at trial. Specifically, defendant claims defense counsel was deficient for failing to object to the jury instructions and the jury verdict form. We disagree.

To preserve a claim of ineffective assistance of counsel on appeal, a defendant must move for a new trial, or request a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), in the trial court. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016) (citation and footnotes omitted). Defendant did not move for a new trial, or request a *Ginther* hearing, in the trial court. Accordingly, because no factual record has been established on which this Court may evaluate the basis for defendant's claim, this issue is unpreserved. *Solloway*, 316 Mich App at 188.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Solloway*, 316 Mich App at 187. Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id*. (citation omitted). However, where no factual record was created with respect to defendant's claim of ineffective assistance of counsel, as is the case here, "this Court's review is limited to mistakes apparent on the lower court record." *Id*. (citation and footnote omitted).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When claiming ineffective assistance of counsel, it is defendant's burden to prove "(1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must also show that "but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland*, 466 US at 694-696. "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant argues on appeal that the criminal sexual conduct jury instructions were insufficient, and that defense counsel erred by failing to object. Defendant claims that the jury instructions were insufficient because they confused the jury. Specifically, the jury was confused regarding which alleged incident was attributed to which of the three counts of CSC I Defense counsel's failure to object was therefore prejudicial because the state's case was weak, and "but for [defense counsel's] errors the outcome of his case may have been different." We disagree.

Our review of the instructions actually read to the jury, as compared to the Model Criminal Jury Instructions, reveals that there was no substantive error with the trial court's jury instructions. In fact, the jury instructions used in this case match word for word the Model Criminal Jury Instructions for CSC I. M Crim JI 20.1, 20.3, 20.30b. Accordingly, the jury instructions used in this case "fairly presented the issues to be tried and adequately protected the defendant's rights." *People v Kowalski*, 489 Mich 488, 502; 803 NW2d 200 (2011). Because there was no error with the trial court's jury instructions, trial counsel was not ineffective for failing to object, as that objection would have been futile. *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008). Failure to make a futile objection does not constitute ineffective assistance of counsel. *Id*.

Defendant next contends that defense counsel was ineffective for failing to object to the jury verdict form because it did not delineate which charge related to which allegation. Defendant argues that defense counsel should have requested that the verdict form be revised to show "which specific incident occurred when and where, or the time and place of each alleged offense." Again, we disagree.

Defendant claims that the nonspecific verdict form left jurors confused. During the course of jury deliberations, the jury submitted the following question: "[d]efine the incidents as represented as counts one, two and three." The trial judge explained to the jury:

> It's simply alleged there was [sic] at least three separate instances that occurred here in St. Clair County. And if you need to identify them as the bedroom or the bathroom or the afghan, that's your call to make. But there is no specific incidents directly related to count one or count two or count three.
>
> I don't know if that helps you out, but in any event you simply need to make a determination whether there was [sic] one, or there was two, three, or none.

Approximately 20 minutes later, the jury returned a verdict of guilty on all three counts.

Defendant correctly notes that MCR 6.112(D) requires that the information "should specify the time and place of the alleged offense." Additionally, the information is required to contain "the time of the offense as near as may be." MCL 767.45(1)(b). However, "[n]o variance as to the time shall be fatal unless time is of the essence of the offense." *Id*. Because the information did not delineate specific dates and times, the verdict form was also devoid of such detail. Nevertheless, this Court has previously held that "[t]ime is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007). See also *People v Taylor*, 185 Mich App 1, 8; 460 NW2d 582 (1990). Furthermore, the trial judge sufficiently clarified the jury's confusion regarding which allegation corresponded to which charge, indicating that the jury could find defendant committed one, two, three, or none of the "separate instances that occurred here[.]" Accordingly, the jury verdict form was not inadequate, and defense counsel did not perform deficiently by failing to request that it be revised. Defendant's claim of ineffective assistance of counsel is therefore, without merit.

Briefly, we also note in response to defendant's argument that the trial judge's refusal to allow the jurors to take notes during trial compounded their confusion that whether to allow jurors to take notes during trial is a matter that falls within the trial court's discretion. MCR 2.513(H); *People v Young*, 146 Mich App 337, 340; 379 NW2d 491 (1985). Here, the short length of the trial and the fact that the evidence presented was not complicated does not suggest that it was an abuse of the trial court's discretion not to allow the jurors to take notes.

## III. "OTHER ACTS" EVIDENCE

Third, defendant argues that the "other acts" evidence admitted in this case pursuant to MCL 768.27a, was inadmissible, because the "other acts" could not have been charged, as the statute of limitations had already run. Defendant also claims that defense counsel was ineffective for failing to object to the admission of the "other acts" evidence on that basis. We disagree.

Although framed as one issue in defendant's statement of the questions presented, defendant's claim is really two issues: an evidentiary challenge and a second claim of ineffective assistance of counsel. We therefore address each issue separately.

A. "OTHER ACTS" EVIDENCE

Defendant failed to preserve this issue by "opposing the admission of evidence" at trial and specifying "the same ground for objection" on appeal. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).

This Court reviews an unpreserved claim of evidentiary error for plain error affecting a defendant's substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014); *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003), citing *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999). Plain error is shown by proving, "(1) [the] error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. Generally, to show the error affected substantial rights, it must be proven "that the error affected the outcome of the lower court proceedings." *Id*.

Defendant takes issue with the admission of two instances of second-degree criminal sexual conduct (CSC II), admitted as "other acts evidence," that took place after the family had moved to Macomb County. First, the victim testified regarding the time defendant put his hand up her nightshirt while he was recovering from back surgery. Defendant had called the victim into the master bedroom and asked her to pick something up off the floor since he was in too much pain. The victim, who was 11 or 12 years old at the time, was wearing a long nightshirt, and when she bent over, she felt defendant's hand "wipe[] against [her vagina]" underneath her nightshirt. Defendant, who was on pain medication, told the victim, "these are not my hands."

Another time, when the victim was a teenager, she and defendant were sitting in defendant's car after returning from a camping trip. Defendant was sitting in the driver's seat; the victim in the passenger seat. While sitting in the driveway, defendant asked the victim if he could touch her breasts. Defendant did, in fact, touch the victim's breasts, and then told the victim that her breasts looked like "Hersey kisses and they were so cute." Defendant also told the victim that if she told anyone what he had done, "nobody will believe you, you're just a little girl[.]"

Defendant claims that this "other acts" evidence should not have been admitted in this case, pursuant to MCL 768.27a, because the statute of limitations, MCL 767.24(3), had run on any potential second-degree criminal sexual conduct (CSC II) charges. Thus, because the statute of limitations had run on any potential CSC II charges, the other acts evidence does not qualify as a "listed offense" under MCL 768.27a.

MCL 768.27a, provides, in pertinent part:

(1) Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

\* \* \*

(2) As used in this section:

-5-

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act . . . MCL 28.722.

MCL 768.27a(2)(a) directs the reader to MCL 28.722 for the definition of a "listed offense." MCL 28.722(j) defines "listed offense," as "a tier I, tier II, or tier III offense." Violations of MCL 750.520c, i.e., CSC II, qualify as a Tier II offense pursuant to MCL 28.722(t)(*x*). The aforementioned "other acts" perpetrated against the victim by defendant would qualify as violations of MCL 750.520c(1)(a) (sexual contact and victim is under 13-years old), and MCL 750.520c(1)(b)(*i*) (sexual contact and victim is at least 13 but less than 16 years of age and actor is a member of the same household), respectively. The definition of "sexual contact" is found in MCL 750.520a(q), which states:

> "[s]exual contact" includes the intentional touching of the victim's or the actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for
>
> (*i*) [r]evenge[,]
>
> (*ii*) [t]o inflict humiliation[, or]
>
> (*iii*) [o]ut of anger.

Defendant asks this Court to conclude that because the "other acts" evidence in this case was time barred from prosecution by the statute of limitations, MCL 767.24(3), it was inadmissible under MCL 768.27a. Important to our analysis is that, first, MCL 768.27a only requires that a defendant committed another "listed offense" under MCL 28.722. A charge or a conviction is not required. Second, the applicability of the statute of limitations is not mentioned in either MCL 768.27a or MCL 28.722. Given that MCL 768.27a explicitly makes reference to MCL 28.722, this suggests that if the Legislature had intended MCL 767.24(3) to apply to "other acts" evidence in criminal sexual conduct cases, the Legislature would have explicitly made reference to it. Third, a trial court is still required to balance the probative value of the other acts evidence against its prejudicial effect pursuant to MRE 403. *People v Watkins*, 491 Mich 450, 486; 818 NW2d 296 (2012) (citations omitted). This analysis, discussed *infra*, may include a temporal element. *People v Masroor*, 313 Mich App 358, 366; 880 NW2d 812 (2015), lv gtd *People v Steanhouse*, 499 Mich 934 (2016), quoting *Watkins*, 491 Mich at 487-488. Thus, the age of the "other acts" is still relevant at some point in the analysis regarding whether the other acts will be admissible against a defendant in a CSC prosecution. Fourth, the Michigan Supreme Court has held that when "a defendant is charged with a sexual offense against a minor, MCL 768.27a allows prosecutors to introduce evidence of a defendant's *uncharged* sexual offenses against minors . . . ." *People v Pattison*, 276 Mich App 613, 618-619; 741 NW2d 558 (2007) (emphasis added). It is illogical to think that where some uncharged offenses constitute relevant "other acts" evidence, other relevant uncharged offenses would be inadmissible under MCL 768.27a simply because defendant's conduct evaded the statute of limitations. See also *People v Bailey*, 310 Mich App 703, 720; 873 NW2d 855 (2015), where this Court concluded that uncharged sexual misconduct was relevant evidence admissible under MCL 768.27a.

This is particularly true in light of the legislative intent behind MCL 768.27a: recidivism. In *Watkins*, our Supreme Court took notice of the fact that the Legislature enacted MCL 768.27a to address "a substantive concern about the protection of children and the prosecution of persons who perpetrate certain enumerated crimes against children and are more likely than others to reoffend." *Watkins*, 491 Mich at 476. Based on the foregoing, it is highly unlikely that the Legislature intended the expiration of the statute of limitations to bar relevant "other acts" evidence in a criminal sexual conduct prosecution. Here, the evidence at issue was relevant to the case at hand, because it shows how defendant continued to sexually abuse the victim throughout her childhood and adolescence. Put simply, the "other acts" evidence shows defendant had a propensity for sexually abusing the victim. Evidence that the abuse continued showed that it was more probable that the charged offenses occurred than it would be without the "other acts" evidence. Accordingly, we decline defendant's invitation to conclude that otherwise relevant "other acts" evidence is inadmissible under MCL 768.27a if the prior sexual misconduct falls outside the statute of limitations.

Next, defendant argues that admission of the "other acts" evidence in this case was in violation of MRE 403. Although MCL 768.27a prevailed over MRE 404(b) in *Watkins*, MRE 403 still requires that the probative value of any "other acts" evidence, or propensity evidence, not be substantially outweighed by any prejudice to defendant.

As discussed *supra*, the "other acts" evidence was relevant to this case, and qualified as a listed offense as is required by MCL 768.27a. However, pursuant to MRE 403, the probative value of the "other acts" evidence must not be substantially outweighed by any prejudice to defendant. *Masroor*, 313 Mich App at 366. "[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Watkins*, 491 Mich at 487.

> This does not mean, however, that other-acts evidence admissible under MCL 768.27a may never be excluded under MRE 403 as overly prejudicial. There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Masroor*, 313 Mich App at 366, quoting *Watkins*, 491 Mich at 487-488 (citations omitted).]

Trial courts should engage in an MRE 403 analysis for each separate piece of "other acts" evidence. *Masroor*, 313 Mich App at 366 (citation omitted). Each piece of "other acts" evidence admitted may be accompanied by a limiting instruction to "ensure that the jury properly uses the evidence." *Id*. at 366-367 (citation omitted).

The first piece of "other acts" evidence involved defendant slipping his hand under the victim's nightshirt while she was bent over, picking something up off the floor. We conclude that the probative value of this evidence was not substantially outweighed by any prejudice to defendant. Defendant maintains that this act was dissimilar to the charged acts of sexual misconduct. However, although defendant may not have digitally penetrated the victim, as he did in the charged offenses, the sexual misconduct is not dissimilar in the sense that defendant's misconduct involved the same victim and that defendant touched her vagina, as he did during the prior digital penetrations. Conversely, this shows the pattern of defendant's sexual misconduct. Additionally, the abuse underlying defendant's convictions occurred in the family's home in St. Clair County, where they lived until the victim was 10-years old, when the family moved to Macomb County. The victim recalled that the nightshirt incident occurred when she was 11 or 12 years old. Accordingly, there is a temporal relationship between this incident and the charged sexual misconduct.

With respect to the incident in defendant's car, we conclude that the probative value of this evidence, too, was not substantially outweighed by any prejudice to defendant. This incident occurred only a few years after the incident where defendant put his hand up the victim's nightshirt and touched her vagina. Thus, a temporal relationship continues to exist. Although defendant touched her breasts in the car, as opposed to her vagina, the incident was similar in the sense that again, defendant chose her as his victim.

Defendant further argues that admission of this "other acts" evidence confused the jury, as evidenced by the jury's request to "define the incidents as represented as counts one, two and three." However, defendant misunderstands the jury's confusion. Seeing as the jury quickly returned a verdict after their question was answered, it seems clear that the jury was not confused about whether defendant actually committed these acts, but rather, only which act corresponded to which charge.

Finally, defendant maintains that the "other acts" evidence "mislead and confused the jury, given [the victim's] inconsistent, patently incredible, inherently implausible testimony which was seriously impeached at trial." However, as discussed above, it is unlikely that the jury was confused by this "other acts" evidence, and the credibility of a witness is a question for the jury. *Harrison*, 283 Mich App at 378. Based on the foregoing, the "other acts" evidence in this case was admissible under MRE 403, and defendant's entire claim with respect to the admission of "other acts" evidence, fails.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel was ineffective for failing to object to the "other acts" evidence on the ground that the statute of limitations on the "other acts" in this case had run, and thus, they were inadmissible under MRE 768.27a. We disagree.

As noted *supra*, defendant did not move for a new trial, or request a *Ginther* hearing, in the trial court. Accordingly, because no factual record has been established on which this Court may evaluate the basis for defendant's claim, this issue is unpreserved. *Solloway*, 316 Mich App at 188. Our review is limited to mistakes apparent on the lower court record. *Id*. at 187.

-8-

We conclude that the "other acts" evidence was properly admitted pursuant to MCL 768.27a and MRE 403. Accordingly, an objection by defense counsel on the ground that the two incidents in question were time barred by the statute of limitation, and therefore, were inadmissible, would have been meritless. Defense counsel is not required to advance a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, defendant's claim of ineffective assistance of counsel is, likewise, meritless.

## IV. EX POST FACTO CLAUSE

Fourth, defendant argues that MCL 768.27a is unconstitutional as applied to him, pursuant to the Ex Post Facto Clauses of the United States and Michigan Constitutions. US Const, art I, § 10; Const 1963, art 1, § 10. We disagree.

Defendant failed to preserve this issue for appellate review by raising it in the trial court. *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Unpreserved constitutional claims are reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763. Defendant bears the burden of proving plain error by showing "1) [the] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. Generally, to show the error affected substantial rights, it must be proven "that the error affected the outcome of the lower court proceedings." *Id*.

"The Ex Post Facto Clauses of the United States and Michigan Constitutions bar the retroactive application of a law if the law: (1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; (3) increases the punishment for a crime; or (4) allows the prosecution to convict on less evidence." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014).

On appeal, defendant argues that because propensity evidence was inadmissible in criminal sexual conduct prosecutions at the time the abuse at issue took place, defendant's three CSC I convictions were premised on "different" testimony than the law required at the time these incidents took place. Therefore, defendant argues, MCL 768.27a is unconstitutional as applied to him, because it violates the ex post facto clauses of the Michigan and United States Constitutions. However, as noted by the prosecution, defendant fails to recognize that this Court previously addressed this issue in *Pattison*, where it determined that, "the altered standard [of MCL 768.27a, namely the admission of propensity evidence,] does not lower the quantum of proof or value of the evidence needed to convict a defendant" of criminal sexual conduct. *Pattison*, 276 Mich App at 619. This is because before MCL 768.27a was enacted, a defendant could be convicted of criminal sexual conduct solely on the victim's testimony. *Id*. This is still true. See MCL 750.520h ("[t]he testimony of a victim need not be corroborated in [criminal sexual conduct] prosecutions[.]"); *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012) (a complainant's testimony alone can support a criminal sexual conduct conviction). Therefore, the victim's same testimony, presented without the "other acts," or propensity, evidence, "remains legally sufficient to support" defendant's three CSC I convictions. *Pattison*, 276 Mich App at 619; see also *People v Buie*, 298 Mich App 50, 74; 825 NW2d 361 (2012) (MCL 738.27a is not unconstitutional where "other acts" evidence occurred before the enactment of the statute); *People v Wilcox*, 280 Mich App 53, 56; 761 NW2d 466 (2008), rev'd on other grounds 486 Mich 60 (2010) ("MCL 768.27a does not violate the Ex Post Facto Clause because

the altered standard for admission of evidence does 'not lower the quantum of proof or value of the evidence needed to convict a defendant'" (citation omitted)). Accordingly, defendant's argument is devoid of merit.

## V. CORRECTION OF DEFENDANT'S PSIR

Finally, defendant argues that all references to the sexual abuse of the victim's younger sister by defendant in the PSIR should be redacted, because the victim's younger sister "was deceased [at the time of trial] and any allegations of sexual abuse [by defendant] could not be corroborated and were irrelevant." Defendant asks this Court to remand this matter to the trial court for correction of the PSIR prior to its transmission to the Michigan Department of Corrections. However, as admitted by defendant in his brief on appeal, this issue has already been addressed and decided, in defendant's favor, by the trial court. At sentencing, defense counsel raised an objection to any mention the victim's younger sister in the PSIR. Defense counsel argued that any mention of defendant sexually abusing the victim's younger sister could not be verified, and therefore, the PSIR should be redacted. The trial court agreed, and ordered that the PSIR be redacted prior to its submission to the Michigan Department of Corrections. Accordingly, because this Court can provide no further remedy, this issue is moot. See *People v Sours*, 315 Mich App 346, 351-352; 890 NW2d 401 (2016), quoting *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004) ("An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy.").

Affirmed.


/s/ Michael J. Talbot
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens

-10-